BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE STIRLING HOMEX )
SECURITIES LITIGATION ) DOCKET NO. 126
)

## ORDER

The Panel having found, upon the basis of the papers submitted and the hearing held, that the actions listed on the attached Schedule A involve common questions of fact and that transfer of these actions to the Southern District of New York for coordinated or consolidated pretrial proceedings would serve the convenience of the parties and witnesses and would further the just and efficient conduct of the litigation,

IT IS ORDERED that all actions on the attached Schedule A pending in districts other than the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Dudley B. Bonsal for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407, with the actions pending in that district and listed on Schedule A.

A full opinion and order will be filed hereafter.

FOR THE PANEL:

_____
Alfred P. Murrah
Chairman

SCHEDULE A                                        DOCKET NO. 126

### DISTRICT OF COLORADO

Arthur E. Risley v. Merrill Lynch, Pierce,        Civil Action
Fenner & Smith, Inc.                              No. C-4641

### DISTRICT OF MARYLAND

Frank R. Cancelotta, Jr. v. Merrill Lynch,        Civil Action
Pierce, Fenner & Smith, Inc.                      No. 72-1186-H

### EASTERN DISTRICT OF MICHIGAN

Joseph Gittleman, et ux. v. Merrill Lynch,        Civil Action
Pierce, Fenner & Smith Inc.                       No. 39055

### DISTRICT OF MINNESOTA

Terry F. Tobeck, etc. v. Merrill Lynch,           Civil Action
Pierce, Fenner & Smith, Inc. et al.               No. 4-73 Civ. 22

### WESTERN DISTRICT OF MISSOURI

Rolf Stanford v. Merrill Lynch, Pierce            Civil Action
Fenner & Smith Inc.                               No. 20613-3

### SOUTHERN DISTRICT OF NEW YORK

Gregory Jezarian, et al. v. Frank Csapo,          Civil Action
et al.                                            No. 72 Civ. 1671

Daniel C. Aguirre v. Merrill Lynch, Pierce        Civil Action
Fenner & Smith, et al.                            No. 72 Civ. 4744

### WESTERN DISTRICT OF NEW YORK

H. E. Jones, et al. v. David Stirling, Jr.,       Civil Action
et al.                                            No. 1972-579

### SOUTHERN DISTRICT OF OHIO

Richard DeCoursey, et al. v. Stirling             Civil Action
Homex Corp., et al.                               No. 8632

### EASTERN DISTRICT OF PENNSYLVANIA

David Steinberg v. Merrill Lynch, Pierce,         Civil Action
Fenner & Smith, Inc., et al.                      No. 72-234-1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DEC 28 1977

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE STIRLING HOMEX CORPORATION  )   DOCKET NO. 126
SECURITIES LITIGATION              )
                                   )
Frank G. Raichle, etc. v. David    )
Stirling, et al., W.D. New York,   )
Civil Action No. 77-28             )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

The Panel, pursuant to 28 U.S.C. §1407, has previously transferred several actions in this litigation to the Southern District of New York and, with the consent of that court, assigned them to the Honorable Dudley B. Bonsal for coordinated or consolidated pretrial proceedings.[1/] The complaints in the centralized actions allege violations of the federal securities laws in connection with the sale of stock of Stirling Homex Corporation (Stirling), a company presently engaged in Chapter X bankruptcy proceedings in the Western District of New York. In the centralized actions, Stirling, certain officers and directors of Stirling, and its underwriters and accountants are charged with illegally misrepresenting or omitting material information about Stirling to securities purchasers. Claims

---

\* Judge Lord took no part in the decision of this matter.
1/ 388 F. Supp. 567 (J.P.M.L. 1975); 388 F. Supp. 570 (J.P.M.L. 1975); and 405 F. Supp. 314 (J.P.M.L. 1975).

in some of those actions also allege that certain individual defendants sold Stirling stock on the basis of material information not disclosed to the general public.

The above-captioned action (Raichle) was brought by Stirling's bankruptcy trustee against certain former officers and directors of Stirling, all of whom are also defendants in actions in the transferee district. The defendants in Raichle are charged with (1) fraudulently selling Stirling stock while in the possession of material, undisclosed information concerning losses incurred by the company, (2) misappropriating corporate funds by depositing money in bank accounts for the use of labor leaders; (3) impairing capital by declaring and paying dividends on preferred stock; and (4) voting themselves excessive salaries and using corporate assets for private use.

Because Raichle appeared to involve questions of fact common to actions previously transferred in this litigation, the Panel issued an order conditionally transferring Raichle to the Southern District of New York for inclusion in the Section 1407 proceedings pending there. Plaintiff in Raichle has moved the Panel to vacate the order.[2]

We find that this action raises questions of fact common to the actions previously transferred to the Southern District of New York and that its transfer to that district will best serve the convenience of the parties and witnesses

---

[2] See Rule 9, R.P.J.P.M.L., 65 F.R.D. 253, 259-60 (1975).

and promote the just and efficient conduct of the litigation.

Stirling's trustee, the plaintiff in Raichle, argues in opposition to transfer of Raichle that: (1) there are no shared questions of fact between Raichle and the actions in the transferee district because Raichle relates to the duty of conduct owed by the defendants to the corporation whereas the previously transferred actions relate to the duties owed by the defendants in Raichle to Stirling's shareholders; (2) the Western District of New York is a more convenient forum, since it is where the trustee and Stirling's corporate headquarters are located; (3) transfer to the Southern District of New York would delay progress of Raichle because the trustee has not participated in the prior pretrial proceedings in the Southern District of New York and because discovery there will focus on many issues unrelated to Raichle; and (4) in keeping with the purpose and intent of the Bankruptcy Act, exclusive jurisdiction in all actions directly relating to Stirling and the management of its assets should remain in the Western District of New York.

We are persuaded, however, that Raichle should be transferred to the Southern District of New York. Raichle and the actions in the transferee district clearly involve common questions of fact concerning the conduct of the individual defendants with respect to the operation of

Stirling and the sale of Stirling stock. In light of this common factual core, the fact that Raichle and the actions in the transferee district are based on different theories of liability does not affect the desirability of transfer under Section 1407. See In re Air Crash Disaster in the Ionian Sea on September 8, 1974, 407 F. Supp. 238, 239-40 (J.P.M.L. 1976). Thus, transfer of Raichle for inclusion in the coordinated or consolidated pretrial proceedings will prevent duplicative discovery, eliminate the possibility of conflicting pretrial rulings and otherwise streamline the efforts of the parties, the witnesses and the judiciary.

Of course, transfer of an action under Section 1407 does not mean that all discovery must take place in the transferee district. Depositions of witnesses may still take place where they reside, see Fed. R. Civ. P. 45(d)(2), and any party may always request an order from the transferee court that its documents be inspected at its offices or at another convenient location in or near the city in which it is located, see Manual for Complex Litigation, Part I, §2.50 (rev. ed. 1977).

We do not believe that the trustee in Raichle will experience delay as a result of his participation in the coordinated or consolidated pretrial proceedings in the Southern District of New York. While discovery heretofore completed in the previously transferred actions may be made applicable to Raichle by utilizing the procedures recommended in the Manual,

see id. at Part I, §3.11, the trustee remains free to move before the transferee judge regarding any reasonable discovery needs. See In re New York Municipal Securities Litigation, 439 F. Supp. 267, at 269, 270 (J.P.M.L., filed Nov. 1, 1977) (slip opinion at 6-7). Moreover, the trustee need not participate in discovery unrelated to Raichle, see, e.g., Manual, supra, at Part I, §2.31, and, of course, the transferee judge has broad discretion to design a pretrial program which will allow discovery on any unique issues to proceed concurrently with discovery on the common issues. See In re Republic National-Realty Equities Securities Litigation, 382 F. Supp. 1403, 1405-06 (J.P.M.L. 1974).

While there may be circumstances where the fact that the action is one by a trustee in bankruptcy may militate against a transfer so that the administration of the estate should not be unduly delayed, this is not such a case. See generally In re Falstaff Brewing Corporation Antitrust Litigation, 434 F. Supp. 1225, 1229-30 (J.P.M.L. 1977). See also In re Franklin National Bank Securities Litigation, 393 F. Supp. 1093, 1095-96 (J.P.M.L. 1975). The Panel's statutory mandate is to weigh the interests of all parties and to consider multi-district litigation as a whole in light of the purposes of Section 1407. In re Library Editions of Children's Books, 297 F. Supp. 385, 386 (J.P.M.L. 1968). We note that the effect of the bankruptcy laws on pretrial proceedings in

- 6 -

Raichle is entirely a matter to be resolved by the transferee court, the bankruptcy court and the parties. See In re Franklin National Bank Securities Litigation, supra, 393 F. Supp. at 1095-96; In re Stirling Homex Corporation Securities Litigation, supra, 388 F. Supp. at 569.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled Frank G. Raichle, etc. v. David Stirling, et al., W.D.N.Y., Civil Action No. 77-28, be, and the same hereby is, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Dudley B. Bonsal for coordinated or consolidated proceedings with the actions already pending there in MDL-126.